1

2

3                                                          O

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   RICHARD WALLACH, WALLACH &      )  Case No. CV 06-04133 DDP (SHx)
     COMPANY, INC. AND               )
12   INTERNATIONAL SOJOURNERS        )  **Order to Show Cause Regarding**
     INSURANCE TRUST OF              )  **Contempt Sanctions**
13   WASHINGTON, D.C.,               )
                                     )  [Motion for Sanctions filed on
14              Plaintiffs,          )  October 20, 2009]
                                     )
15        v.                         )
                                     )
16   CRAIG SOROUDI aka CRAIG         )
     GAITO aka MGM PRODUCTIONS       )
17   GROUP, INC. ("MGM") aka         )
     RUSSO INTERNATIONAL             )
18   VENTURES, INC. ("RUSSO") and    )
     JAMES M. HODGES, and JAMES      )
19   M. HODGES, A Professional       )
     Law Corporation,               )
20                                   )
                Defendants.          )
21   _____)

22        This matter comes before the Court on the Plaintiffs' motion

23   for post-judgment discovery sanctions.  Having considered the

24   materials submitted and the issues raised therein, the Court adopts

25   the following order.

26   **I.    Background**

27        On June 28, 2006, Plaintiffs filed a malicious prosecution

28   action against Defendants Craig Soroudi ("Soroudi") and James

1    Hodges.  (Dkt. No. 1.)  The Court entered a default judgment

2    against all Defendants on December 5, 2006, including $1,000,000 in

3    punitive damages, in part due to Soroudi's use of the court system

4    to defraud insurance companies.  (Dkt. No. 40.)  On March 17, 2008,

5    the Court granted a motion to vacate the default judgment as to

6    Defendant MGM Productions Group, Inc., based on improper service of

7    the original Complaint to Defendant Hodges as the company's agent.

8    (Dkt. No. 188.)

9       On October 21, 2008 the Court granted summary judgment against

10   two companies with the name MGM Corporations Group, Inc. - one in

11   Canada, the other in California.  (Dkt. No. 306.)  Plaintiffs

12   subsequently filed post-judgment interrogatory requests on the MGM

13   companies and its counsel, Heather M. Kadeg, designed to assist in

14   collecting the judgment.  On July 2, 2009, the Court ordered

15   "Defendants to submit responsive answers to Plaintiff's post-

16   judgment discovery interrogatories within 30 days of the date of

17   this order."  (Dkt. No. 354.)  The Court denied Plaintiff's request

18   for sanctions in the amount of $1,000 per day against the MGM

19   companies until they provide answers to Plaintiff's

20   interrogatories, because the Court declined "to speculate whether

21   Defendants will comply with this Court's orders."  (Id.)  On July

22   27, 2009, Kadeg moved to withdraw as counsel of record for

23   Defendant Soroudi and MGM.  On September 2, 2009, the Court granted

24   her motion to withdraw because "her clients have refused to respond

25   to her attempts to contact them since March 19, 2009."  (Dkt. No.

26   360.)

27       Plaintiffs now ask this Court to impose a constructive trust

28   and sanctions in the amount of $1,000 per day against Defendants

1  until they comply with the Court's order to compel discovery.

2  Plaintiffs argue that these remedies are appropriate because "MGM

3  has stated unequivocally, both through its words and its actions

4  that it does not intend to comply with this court's discovery

5  order." (Mot. 7:26-27.)

6  **II. Discussion**

7       Federal courts have inherent power to impose sanctions against

8  parties for "willful disobedience of a court's order." <u>Chambers v.</u>

9  <u>NASCO, Inc.</u>, 501 U.S. 32, 46 (1991); <u>see also</u> <u>Air Separation, Inc.</u>

10 <u>v. Underwriters at Lloyd's of London</u>, 45 F.3d 288, 291 (9th Cir.

11 1995) (court's power to sanction for willful disobedience of a

12 court order is essentially discretionary). However, the power must

13 be exercised with restraint and discretion, and the sanctions must

14 be appropriate to the misconduct. <u>Roadway Express, Inc. v. Piper</u>,

15 447 U.S. 752 (1980).

16      Because of the punitive nature of a contempt order and

17 accompanying monetary sanctions, clear and convincing evidence of

18 abusive conduct is required; a preponderance of the evidence is not

19 enough. <u>Shepherd v. Am, Broad. Cos.</u>, 62 F.3d 1469 (D.C. Cir.

20 1995). Deciding the amount of the monetary sanctions assessed

21 against the contemnor is committed to the trial court's sound

22 discretion, and is reviewable only for abuse of discretion.

23 <u>General Signal Corp. v. Donallco, Inc.</u>, 787 F.2d 1376, 1380 (9th

24 Cir. 1986). More specifically, the court may impose such sanctions

25 as are necessary to compensate the innocent party, to vindicate the

26 affront to the court, and to ensure that such abuses are not

27 repeated. <u>Chambers</u>, 501 U.S. at 56-7.

28

1    The court may impose sanctions upon a party's motion or sua

2  sponte.  Roadway Express, 447 U.S. at 765.  The party against whom

3  sanctions are being considered must be noticed.  In re Tutu Wells

4  Contamination Litig., 120 F.3d 368 (3d Cir. 1997).  Next, an

5  opportunity to be heard is required, in order to determine whether

6  parties or their counsel acted in bad faith.  Oregon RSA No. 6,

7  Inc. v. Castle Rock Cellular of Or. Ltd. P'ship, 76 F.3d 1003 (9th

8  Cir. 1996).  The opportunity to be heard does not require an oral

9  or evidentiary hearing on the issue.  Rather, the opportunity to

10  fully brief the issue satisfies due process requirements.  Pac.

11  Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112,

12  1118 (9th Cir. 2000) (citing Resolution Trust Corp. v. Dabney, 73

13  F.3d 262 (10th Cir. 1995)).

14    Since the Defendants have filed no opposition or objections to

15  the Plaintiffs' motion for post-judgment discovery sanctions, the

16  Court hereby issues an order to show cause why the Court should not

17  hold Defendants in contempt pursuant to Federal Rule of Civil

18  Procedure 37(b)(2)(A)(vii), and why sanctions should not issue

19  against the Defendants.

20

21

22

23

24

25

26  ///

27  ///

28  ///

**III. Conclusion**

    IT IS HEREBY ORDERED that Defendant MGM Productions show cause why Plaintiffs' motion for contempt sanctions should not be granted within ten (10) days of the date of this Order.  Plaintiffs may file a reply, if they wish to do so, within seven (7) days of the filing of Defendant's response to the Court's OSC.


IT IS SO ORDERED.


Dated: November 20, 2009

DEAN D. PREGERSON
United States District Judge